**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JUSTIN TAFOYA, an individual, DRY FIRE ARCHERY, LLC, an Arizona limited liability company<br><br>           Plaintiffs,<br><br>v.<br><br>ACCUBOW LLC, an Illinois limited liability company<br><br>           Defendant. | Case No. _____<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS JUSTIN TAFOYA AND DRY FIRE ARCHERY, LLC'S
COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Justin Tafoya ("Tafoya") and Dry Fire Archery, LLC ("Dry Fire Archery" or "Plaintiff"), on personal knowledge as to their own acts and upon information and belief formed after reasonable inquiry as to the acts of others, hereby file this Complaint for Patent Infringement against Accubow, LLC ("Defendant" or "Accubow") and allege as follows:

**PARTIES**

1. Plaintiff Justin Tafoya is an individual residing in Lakeside, Arizona.

2. Plaintiff Dry Fire Archery is a limited liability company organized under the laws of the State of Arizona, with its principal place of business at 2484 Navajo Way, Lakeside, Arizona 85929. Dry Fire's members are Justin and Amy Tafoya.

3. Defendant Accubow, LLC is a limited liability company organized under the law of the State of Illinois, with its principal place of business at 350 5th Street, Suite 266, Peru, Illinois, 61354.

## JURISDICTION AND VENUE

4. This civil action asserts claims arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*. This Court therefore has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a)

5. This Court has personal jurisdiction over Defendant because Defendant's principal place of business is located in Illinois, Defendant has conducted and continues to conduct business in Illinois, Defendant has availed itself of the rights and benefits of Illinois law, Defendant has purposefully availed itself of the privilege of conducting business in Illinois, and Defendant has sold and/or imported infringing product from and into Illinois.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b) as Defendant resides in this judicial district, has committed acts of infringement and has a regular and established place of business in Illinois.

## THE PATENT-IN-SUIT

7. Justin Tafoya is the inventor and owns the entire rights, title, and interest in U.S. Patent No. 9,633,573 ("the '573 Patent"), entitled "Mechanical Release Archery Training Device," which was duly and lawfully issued by the United States Patent and Trademark Office on April 25, 2017. A true and correct copy of the '573 Patent is attached as **Exhibit A.**

8. Dry Fire Archery is the exclusive licensee of the '573 Patent.

9. The invention claimed in the '573 Patent relates to a highly improved archery training system. Archery is an extremely popular sport in the United States with approximately 18.9 million Americans age 18 and older participating in archery and/or bow hunting. Like many sports, however, archery requires training of both the mind and muscles. As described in the '573 Patent, repetitive conditioning will facilitate the development of muscle memory, psychological

confidence, and the proper body mechanics required to achieve desired arrow placement when shot at a target.

10. Archers, however, cannot practice shooting their bows without nocking and shooting an arrow. If an archer dry fires a compound bow, *i.e.*, shoots the bow without using an arrow, the bow can become damaged or ruined by, for example, breaking the bow string, breaking or shattering the bow's limbs, or other harm.

11. Justin Tafoya, who is an avid archer, conceived of the invention claimed in the '573 Patent after having a very unsuccessful experience at the 2013 Sunrise 3D Archery Shoot, the largest archery tournament in the West, held in the White Mountains in Arizona. He realized that he was unprepared physically and mentally for the event.

12. After his experience, Tafoya searched the market for archery training products, but discovered that no product existed that adequately simulated a bow. Conventional devices which allowed archers to dry fire, and thus practice archery without actually shooting an arrow, were lengthy or had bulky mechanisms attached to a bow. Those devices were not easily portable or stowed, nor did they sufficiently replicate the activity of compound bow shooting.

13. Tafoya decided to design his own archery training device. He started with a sketch of an embodiment and then built a prototype using a 2x4 piece of wood and old exercise bands. Tafoya then modified his first prototype to include options that allowed the mounting of a bowsight, a stabilizer and a laser sight.

14. Over the course of a year, Tafoya refined his design and produced a marketable prototype. He also formed Dry Fire Archery with the plan that it would market and sell his new product, the Dry Fire Pro.

15. On June 5, 2014, Tafoya filed a provisional patent application to protect his new invention. One year later, he followed the provisional with a utility patent application.

16. In or about October 2014, Tafoya traveled with his prototype in the United States, demonstrating it to archery pro shops in different locations and acquiring endorsement letters from industry experts.

17. Tafoya brought his first production run of Dry Fire Pro products to the 2016 indoor archery championships in Las Vegas, Nevada. By that time, the Dry Fire Pro had been featured in various publications, including the Arrow Trade Magazine which was handed out to the 2016 Archery Trade Association visitors and vendors.

18. The '573 Patent issued on April 25, 2017. In contrast to the prior art devices, the archery training system Tafoya invented and claimed in the '573 Patent is easily portable and stowed and offers a combination of variables that replicate the activity of compound bow shooting, such as a counter balanced replication of a grasped bow while drawing a bowstring, the utilization of accessory bow sights for target acquisition and aiming, the adjustability to accommodate various hand grip styles unique to each archer and immediate visual feedback to performance or shooting technique.

## **COUNT I – INFRINGEMENT OF U.S. PATENT NO. 9,633,573**

19. Plaintiffs reallege and incorporate by reference each of the preceding paragraphs of this Complaint, inclusive, as if fully set forth herein.

20. Defendant sells two models of an archery training device, the Accubow Standard Model and the Accubow Rick Carone Signature Series Package. The two Accubow models are referred to herein jointly as "the Accused Accubow Device."

21. As described below, Defendant has infringed and continues to infringe the '573 Patent pursuant to 35 U.S.C. § 271(a) by making, using, offering for sale, and/or selling within the United States, and/or importing into the United States Accused Accubow Devices.

22. The Accused Accubow Device infringes at least claims 1, 2, 3 and 4 of the '573 Patent either literally or under the doctrine of equivalents.

23. Claim 1 of the '573 Patent recites an archery training system comprising:

a training device having a handle, the training device having a long axis that intersects the handle;

a first tensioner attached to the training device; and

a first resistance band coupled to the first tensioner and coupled to a first interconnector;

whereby the first interconnector is capable of being operatively engaged by a release aid held in a user's shooting hand, permitting the user to draw apart the first resistance band and the handle held in the user's non-shooting hand and dry fire the archery training device.

24. As shown in Figure 1 below, copied from an advertisement for an Accused Accubow Device, the Accused Accubow Device meets each element of claim 1.



FIG. 1

25. The Accused Accubow Device is a training device having a handle, with a long axis that intersects the handle.

26. The Accused Accubow Device has a tensioner attached to the training device.

27. The Accused Accubow Device has a resistance band coupled to a first tensioner and coupled to a first interconnector.

28. Accused Accubow Device has a first interconnector that is capable of being operatively engaged by a release aid held in a user's shooting hand, permitting the user to draw apart the first resistance band and the handle held in the user's non-shooting hand and dry fire the archery training device.

29. Claim 2 of the '573 Patent recites the training system of claim 1, wherein the first interconnector comprises a loop, ring, rope, string cable, or wire capable of being operatively engaged by the release aid.

30. The Accused Accubow Device meets each element of claim 2.

31. As shown in Figure 2, copied from Accubow's website, the first interconnector of the Accused Accubow Device is a loop, ring, rope string, cable, or wire capable of being operatively engaged by the release aid.



FIG. 2

32. Claim 3 of the '573 Patent recites the training system of claim 1, wherein the first resistance band and the first tensioner are operable together to adjust a let-off tension for the first resistance band to at least one value between 1 and 70 pounds.

33. The Accused Accubow Device meets each element of claim 3.

34. The Accused Accubow Device includes a single resistance band that can be increased or decreased from 10 to 70 pounds of pulling resistance.

35. Claim 4 of the '573 Patent recites the training system of claim 3, wherein the let-off tension is increased by adjusting the first tensioner in a first direction and the let-off tension is decreased by adjusting the first tensioner in a second direction.

36. The Accused Accubow Device meets each element of claim 4.

37. The Accused Accubow Device has an adjustable resistance dial that can be rotated in clockwise and counter clockwise directions to increase or decrease the tension of the device's resistance band.

38. Upon information and belief, Defendant has had knowledge of the '573 Patent as evidenced, for example, by the reference to the '573 Patent during prosecution of Defendant's own U.S. Patent Application Number 15/215,289.

39. Upon information and belief, Defendant is currently actively inducing and has induced infringement of the '573 Patent pursuant to 35 U.S.C. § 271(b) through, among other things, the sale and offer for sale in the United States of at least the Accubow Archery Devices to direct infringers that include, without limitation, the customers and end users who use Defendant's Accubow Archery Devices, with the specific intent that the products be used in an infringing manner.

40. Upon information and belief, Defendant has encouraged customers and end-users to use at least the Accubow Archery Devices in an infringing manner, provided operating instructions to customers and end-users to use at least the products in an infringing manner, provided training and/or technical support to customers and end users instructing how to use the products in an infringing manner, and advertised, marketed, and promoted the use the products in an infringing manner. Upon information and belief, Defendant has had specific intent to infringe the '573 Patent or were willfully blind to such infringement.

41. Upon information and belief, Defendants has also indirectly infringed the '573 Patent pursuant to 35 U.S.C. § 271(c) by contributing to the infringement of the '573 Patent by providing and/or selling at least the Accubow Archery Devices in the United States to customers and/or users of the products, features of which constitute a material part of one or more claims of the '573 Patent, and are not a staple article of commerce suitable for non-infringing uses, and are especially made and or adapted for use in infringing the '573 Patent.

42. Upon information and belief, Defendant possessed intent to contributorily infringe the '573 Patent because it knew that the features of at least the Accubow Archery Devices are especially made or adapted for use in an infringement of one or more claims of the '573 Patent and such features are not a staple article of commerce suitable for non-infringing uses.

43. Upon information and belief, the direct infringers for Defendant's contributory infringement include, without limitation, the customers and end-users who use at least the Accubow Archery Devices, to whom Defendant sells and offers to sell at least that product. Defendant has contributed to these customers' and end-users' infringement by selling and offering to sell at least the Accubow Archery Devices to them, by advertising and promoting at least the products as embodying a material component of the patented invention, and by encouraging and providing instructions to its customers and end-users for using at least the products as embodying a material component of the patented invention.

44. Upon information and belief, Defendants' foregoing acts of infringement of the '573 Patent have been and continue to be willful and deliberate.

45. Dry Fire has been damaged, in an amount yet to be determined, by Defendant's acts of infringement of the '573 Patent and will continue to be damaged by such acts in the future.

**PRAYER FOR RELIEF**

Dry Fire Archery, LLC respectfully requests that this Court enter an order:

A. Adjudging and decreeing that Defendant has violated and are violating 35 U.S.C. § 271 by infringing one or more claims of the '573 Patent;

B. Preliminarily and permanently enjoining Defendant and its officers, employees, agents, and all others acting in concert with them or participating with them from further acts that infringe the '573 Patent;

C. Awarding Dry Fire Archery, LLC damages adequate to compensate it for Defendant's infringement of the '573 Patent under 35 U.S.C. § 284;

D. Awarding Dry Fire Archery, LLC enhanced damages under 35 U.S.C. § 284;

E. Awarding Dry Fire Archery pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

F. Finding this action to be an exceptional case under 35 U.S.C. § 285l

G. Awarding Dry Fire Archery its costs and attorneys' fees incurred in this action; and

H. Awarding Dry Fire Archery such other relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Dry Fire Archery, LLC demands a trial by jury of all issues triable of right by jury.

Date: December 18, 2017

Respectfully Submitted,

/s/ Meredith Martin Addy
Meredith Martin Addy
maddy@tdrlawfirm.com
Jordan Wilkow
jwilkow@tdrlawfirm.com
TABET DIVITO & ROTHSTEIN LLC
209 S. LaSalle Street, Suite 700
Chicago, Illinois 60604
Tel: (312) 762-9450
Fax: (312) 762-9452

*Attorneys for Plaintiffs,*
*Justin Tafoya and Dry Fire Archery, LLC*